UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN RENE ZUNIGA CRUZ,<br><br>Petitioner,<br><br>v.<br><br>KRISITI NOEM, et al.,<br><br>Respondents. | No. 1:26-cv-01818-DC-EFB (HC)<br><br>ORDER CONSOLIDATING CASES AND SETTING BRIEFING SCHEDULE ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER |
| ROBIN ZUNIGA-CRUZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No. 2:26-cv-00907-DC-CSK (HC) |

An examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a). Indeed, both actions were opened due to Petitioner filing a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging her ongoing immigration detention. The habeas petition in the first action, *Zuniga Cruz v. Noem et al.*, 1:26-cv-01818-DC-EFB ("*Cruz I*"), was filed by counsel on behalf of Petitioner on March 6, 2026. (*Cruz I*, Doc. No. 1.) The habeas petition in the second action, *Zuniga-Cruz v. Warden, California City*

1

*Correctional Center*, 2:26-cv-00907-DC-CSK ("*Cruz II*"), was filed by Petitioner *pro se* on March 16, 2026.[1] (*Cruz II*, Doc. No. 1.)

In that second action, Petitioner concurrently filed a *pro se* motion for a temporary restraining order. (*Cruz II*, Doc. No. 2.) On that same day, the court issued an order directing Respondents to file a response to Petitioner's motion and "substantively address whether there are any factual or legal issues in this case that materially distinguish it from the court's prior orders" in *Alvarez Maciel v. Noem,* No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), and *Barajas Ortiz v. Chestnut,* No. 1:26-cv-01167-DC-SCR, Doc. No. 11 (E.D. Cal. Feb. 24, 2026). (*Cruz II*, Doc. No. 4.) Instead of substantively addressing those cases in a response, Respondents filed a motion to dismiss, informing the court that Petitioner, through counsel, had already filed a habeas action challenging her ongoing immigration, and requesting the court dismiss the second action as duplicative of the first action. (*Cruz II*, Doc. No. 6.)

Because Petitioner has a pending motion for a temporary restating order in *Cruz II*, and no such motion has been filed in *Cruz I*, the court does not find it appropriate to dismiss *Cruz II* as duplicative. Rather, the court will exercise its discretion to consolidate both actions. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("[T]he district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."). The court will also set a briefing schedule for Respondents to respond to Petitioner's motion for a temporary restating order.

Accordingly,

1.      Respondent's motion to dismiss (Doc. No. 6) in Case No. 2:26-cv-00907-DC-CSK is DENIED;

2.      The Clerk of the Court is directed to reassign 2:26-cv-00907-DC-CSK to the undersigned and Magistrate Judge Edmund F. Brennan;

---

[1] The date and signature line on Petitioner's *pro se* petition indicate that she signed the petition on March 11, 2026. (*Cruz II*, Doc. No. 1.) The filing stamp on that petition reflects that the Clerk of the Court received and entered that petition on the docket on March 16, 2026. (*Id.* at 1.)

2

3.   The court hereby consolidates cases 1:26-cv-01818-DC-EFB and 2:26-cv-00907-DC-CSK, for all purposes;

4.   The Clerk of the Court is directed to file this order in each of the above-referenced cases;

5.   Going forward, the parties and the Clerk of the Court are directed to file documents under only the lead case number. The Clerk of the Court is directed to administratively close the member case. Future captions should indicate the lead case number followed by the member case numbers as follows:

**Lead Case:**        **1:26-cv-01818-DC-EFB**

**Member Case:**      **2:26-cv-00907-DC-EFB**

5.   The Clerk of the Court is directed to file Petitioner's pending motion for a temporary restraining order (Doc. No. 2) and the court's March 16, 2026 Minute Order (Doc. No. 4) from Member Case No. 2:26-cv-00907-DC-CSK on the docket in the Lead Case No. 1:26-cv-01818-DC-EFB; and

6.   In the Lead Case, Respondents shall file a substantive response to Petitioner's motion for a temporary restraining order within three (3) days from the date of entry of this order, and Petitioner, through counsel, may file a reply within one (1) day of service of Respondents' response.

IT IS SO ORDERED.

Dated:    **March 23, 2026**

Dena Coggins
United States District Judge

3