UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN RENE ZUNIGA CRUZ, | No. 1:26-cv-01818-DC-EFB (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR A TEMPORARY RESTRAINING ORDER |
| KRISTI NOEM, et al., | |
| Respondents. | (Doc. Nos. 1, 7) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 7), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondents have agreed that Petitioner's habeas petition can be resolved together with his motion for a temporary restraining order. (*See* Doc. No. 8.) Petitioner opted not to file a reply brief and thus has not affirmatively opposed the court simultaneously ruling on the habeas petition and motion for a temporary restraining order. For the reasons explained below, the court will grant Petitioner's motion for a temporary restraining order and Petitioner's petition for writ of habeas corpus and will order Petitioner's immediate release.

/////

/////

/////

1

**BACKGROUND**

**A.    Factual Background**

Petitioner Robin Rene Zuniga Cruz is a native and citizen of Guatemala. (Doc. No. 1 at ¶ 18.) Petitioner entered the Untied States without inspection, on or around May 10, 2007 or 2008. (*Id.* at ¶ 23.) He has lived in the United States since that time and has no criminal record. (*Id.* at ¶ 25.)

On January 26, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner outside his home. (*Id.* at ¶ 26.) He has been detained by ICE without an individualized bond hearing since his arrest. (*Id.*) Petitioner is currently detained in the California City Detention Facility in California City, California. (*Id.* at ¶ 18.)

**B.    Procedural Background**

On March 6, 2026, Petitioner filed his habeas petition asserting the following claims against Respondents Kristi Noem, Todd Lyons, Pamela Bondi, and Christopher Chestnut: (1) unlawful denial of a bond hearing in violation of 8 U.S.C. § 1226(a); (2) unlawful violation of the Administrative Procedure Act relating to Petitioner's continued detention without a bond hearing; and (3) violation of Petitioner's Fifth Amendment right to Due Process relating to his continued detention without a bond hearing. (Doc. No. 1 at 22–30.) In his petition, Petitioner seeks an order requiring his immediate release, declaring that his detention without a bond hearing is unlawful, and awarding Petitioner attorney's fees and costs pursuant to the Equal Access to Justice Act. (*Id.* at 30–31.)

On March 16, 2026, Petitioner filed the pending motion for a temporary restraining order arguing that his continued detention violates the Immigration and Nationality Act ("INA") and his Fifth Amendment right to Due Process, and seeking the same relief as sought in his habeas petition. (Doc. No. 7.) On that same day, the court issued an order setting a briefing schedule and directing Respondents to address in their opposition whether Petitioner's claim was legally or factually distinguishable from two orders recently issued by the court in *Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), and *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167, 2026 WL 508419, (E.D. Cal. Feb. 24, 2026). (Doc. No. 8.) The

2

court additionally directed both parties to address whether they objected to the court ruling on the merits of Petitioner's habeas petition together with his motion for a temporary restraining order. (*Id.*)

On March 26, 2026, Respondents filed an opposition arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 9 at 1.) Respondents concede, however, that "there are no significant factual or legal issues in [Petitioner's] case that materially distinguish it from the cases identified" in the court's order. (*Id.*) Respondents further indicate that they do not object to the court ruling on Petitioner's habeas petition together with the pending motion for a temporary restraining order. (*Id.*) Petitioner opted not to file a reply thereto.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); see also *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## DISCUSSION

Petitioner contends that he is entitled to relief because he is entitled to, and has not received, a bond hearing under 8 U.S.C. § 1226(a). (Doc. Nos. 1 at 22–24; 7 at 6–7.) Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that Petitioner is not entitled to a bond hearing under that section. (Doc. No. 9 at 1–2.)

3

The complex statutory framework governing the detention and removal of inadmissible noncitizens in this country is at issue here. Sections 1225 and 1226 govern the detention of inadmissible noncitizens who have been placed in removal proceedings. 8 U.S.C. §§ 1225, 1226. Section 1226(a) is the "usual removal process" for inadmissible noncitizens. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). The noncitizen's removal commences with the filing of a Notice to Appear with the Immigration Court, initiated under 8 U.S.C. § 1229(a). *Ortiz Donis v. Chestnut*, No. 25-cv-01228-JLT-SAB, 2025 WL 2879514, at *3 (E.D. Cal. Oct. 9, 2025). The removal process provides for an evidentiary hearing before an immigration judge to allow the noncitizen to show they should not be removed. *Thuraissigiam*, 591 U.S. at 108. The noncitizen is permitted to apply for asylum if they would be persecuted if returned to their home country. *Id.* (citing 8 U.S. § 1229a(b)(4); 8 C.F.R. § 1240.11(c).) If asylum is not granted, and the noncitizen is ordered removed, they can appeal the order to the Board of Immigration Appeals. *Id.* (citing 8 U.S. §§ 1229a(c)(5), 1252(a)).

Section 1226 provides a discretionary detention scheme while removal proceedings are pending. 8 U.S.C. § 1226. Specifically, during the pendency of removal proceedings, the government may continue to detain the individual or may release them on bond or conditional parole. 8 U.S.C. § 1226(a)(2)(A)-(B). When a person is apprehended under section 1226, an ICE officer makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." *Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If the noncitizen is detained under section 1226(a), they are entitled to a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

As to noncitizens seeking admission into the United States, section 1225 provides for mandatory detention of certain individuals and, in some cases, expedited removal. 8 U.S.C. § 1225; *see also Ortiz Donis*, 2025 WL 2879514, at *4 ("While '§ 1226 applies to aliens already present in the United States,' U.S. immigration law also 'authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2),' a process that

4

provides for expedited removal.") (citing *Jennings*, 583 U.S. at 303.) Section 1225(b)(2)(A) provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.[1]

An applicant for admission is defined as a noncitizen "present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)." 8 U.S.C. § 1225(a)(1).

Until recently, the United States Department of Homeland Security ("DHS") has "applied [section] 1226(a) and its discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid documentation." *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *3 (N.D. Cal. Sep. 12, 2025). On July 8, 2025, DHS issued a memorandum to all employees of ICE stating that it had revisited its legal position on detention and release authorities and that section 1225 "is the applicable immigration detention authority for all applicants for admission." *See Garro Pinchi v. Noem*, No. 25-cv-05632-PCP, 2025 WL 3691938, at *4 (N.D. Cal. Dec. 19, 2025). In *Matter of Yajure Hurtado*, the BIA, without directly addressing the DHS memorandum, adopted this broader interpretation of "applicants for admission" and held that under this broader interpretation, all noncitizens who entered the United States without inspection are subject to mandatory detention under section 1225. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216. Following these developments, DHS began directing federal immigration officials to seek expedited removal of noncitizens pursuant to section 1225(b)(2). *See Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *5 (S.D. Cal. Sept. 3, 2025); *Salcedo Aceros*, 2025 WL 2637503, at *4.

In their opposition, Respondents reiterate the government's position that section 1225

---

[1] Subparagraph (B) of 8 U.S.C. § 1225(b)(2) sets forth exceptions to subparagraph (A). Subparagraph (C) of the same section addresses the [treatment] of [noncitizens] arriving from contiguous territory." 8 U.S.C. § 1225(b)(2)(C). Neither subparagraph appears to apply here.

5

applies broadly to all noncitizens, including Petitioner, who are present in the United States without having been admitted. (Doc. No. 9 at 2) (citing *Buenrostro-Mendez v. Bondi*, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026)). However, Respondents "recognize that the majority of judges in the Eastern District of California have accepted Petitioner's arguments." (Doc. No. 9 at 1.) Indeed, Respondents' argument that section 1225 applies to all noncitizens who entered the United States without inspection has been consistently rejected by a majority of courts in this district and across the country. *See Valencia Zapata v. Kaiser,* No. 25-cv-07492-RFL, 2025 WL 2741654, at *10 (N.D. Cal. Sep. 26, 2025) (citing *Salcedo Aceros*, 2025 WL 2637503, at *8) (collecting cases). Instead, those courts have generally held that section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States. *See Morillo v. Albarran*, No. 25-cv-01533-DJC-AC, 2025 WL 3190899, at *4 (E.D. Cal. Nov. 15, 2025) ("As Petitioner has been present in the United States for 19 years . . . he is likely to succeed on the merits of his claim that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision."); *Huerta v. Bondi*, No. 25-cv-00941-JLT-HBK, 2026 WL 366709, at *1 (E.D. Cal. Feb. 10, 2026) (holding that the petitioner, who "entered the United States without inspection and has been residing continuously here for more than 20 years without any contact with immigration authorities . . . is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)"); *J.A.C.P. v. Wofford*, No. 25-cv-01354-KES-SKO, 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025) (same as to petitioner who had resided in United States for four years before detention); *Bernardo Aquino v. Larose*, No. 25-cv-02904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen . . . who has resided in the United States for many years.") (citing cases).

The court agrees with the majority view, which rejects the government's new interpretation of section 1225 as the applicable immigration detention authority for all inadmissible noncitizens. Therefore, Petitioner is subject to the discretionary detention scheme set forth in section 1226 and was entitled to a bond hearing under that section prior to his detention.

6

*Matter of Adeniji*, 22 I. & N. Dec. 1102 (BIA Nov. 3, 1999) (holding that noncitizen detained pursuant to section 1226(a) was entitled to the bond procedures provided in 8 C.F.R. § 236.1(c)(8) (1999)). Accordingly, the court will grant Petitioner's motion for a temporary restraining order (Doc. No. 7) and grant Petitioner's habeas petition as to Count One.[2] (Doc. No. 1 at 22–24.)

**CONCLUSION**

For the reasons stated above:

1.    Petitioner's motion for a temporary restraining order (Doc. No. 7) is GRANTED;

2.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a.    Respondents shall immediately release Petitioner from their custody; and

   b.    Should Respondents attempt to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

/////
/////
/////
/////
/////
/////
/////

---

[2] Because the court is granting the petition on the statutory claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count One.

3.    The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **March 31, 2026**

Dena Coggins
United States District Judge